UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JANICE THOMAS ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-4 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton [Doc. 13]. In the R&R, Magistrate Judge Guyton found that substantial evidence supports the Administrative Law Judge's ("ALJ") decision. Accordingly, the magistrate judge recommends that Plaintiff's Motion for Summary Judgment [Doc. 9] be denied and that the Commissioner's Motion for Summary Judgment [Doc. 11] be granted. Plaintiff filed objections to the R&R [Doc. 14]. The Commissioner has not responded to plaintiff's objections, and the time for doing so has passed. *See* Fed. R. Civ. P. 72(b)(2).

**I.      Standard of Review**

The Court must conduct a *de novo* review of the portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit*

1

*Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II.     Analysis**

Plaintiff first objects to the magistrate judge's "approval of the manner in which the ALJ rejected the treating physician's medical assessments." Plaintiff submits that the magistrate judge improperly accepted the ALJ's "non-specific finding that the treating physician's assessments were 'inconsistent with the medical evidence of records as a whole, as well as Dr. [Pamela] Bridgeman's treatment.'" Plaintiff claims that the ALJ did not address these alleged inconsistencies and instead speculated that a physician may express an opinion in order to assist a patient with whom he sympathizes. Next, plaintiff objects to the ALJ's finding that her history of severe headaches, depression, and anxiety was "non-severe." She also asserts that contrary to the ALJ's finding that she does not take medications commonly prescribed for migraines, the record indicates that Dr. Bridgeman has prescribed her several headache medications.

3

Plaintiff first objects that the magistrate judge erred in not assigning error to the ALJ's non-specific reasons for wholly rejecting her treating physician's opinion, in violation of the good reasons part of the treating physician rule, and in approving of the ALJ's speculation that her physician may have expressed the opinion that she did about plaintiff's limitations because she is sympathetic to plaintiff's situation.

Under the treating physician rule, "the Commissioner has mandated that the ALJ 'will' give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides not to give the opinion of a treating physician controlling weight, "he must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2))). The ALJ has a clear duty to "always give good reasons in [the] notice of determination or decision for the weight [it] give[s] [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The good reasons given must always be supported by evidence of record and must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that

weight.'" *Cole*, 661 F.3d at 937 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

The purpose behind the requirement that good reasons be given is "to safeguard the claimant's procedural rights[,]" and "is intended 'to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not.'" *Cole*, 661 F.3d at 937-38 (quoting *Wilson*, 378 F.3d at 544).

"A finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). "In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned." *Cole*, 661 F.3d at 938.

As the magistrate judge noted, with regard to Dr. Bridgeman, plaintiff's undisputed treating physician, the ALJ found:

> The undersigned gives no weight to the Medical Source Statements of Dr. Bridgemen. Said assessments, which limit the claimant to a reduced range of sedentary exertion activity, are wholly inconsistent and contrasts sharply with the other evidence of record, which renders them less persuasive. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's

5

> requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in this case. They are also inconsistent with the claimant's reported daily activities, outlined below. The only remaining assessments are those of the State Agency physicians who indicated the claimant was capable of a range of medium exertion. However, giving the claimant the benefit of the doubt due to her complaints of pain, the undersigned has further restricted the claimant to a reduced range of light exertional activity with no more than frequent handling and feeling with her hands.
>
> The claimant also received conservative treatment for her depression and anxiety. She has been prescribed psychotropic medication by her treating primary care physician. The bulk of data in the files suggests only mild limitations. Dr. Bridgeman's opinion is entirely inconsistent with the record as a whole and is not supported by her treatment records. The opinion of a treating source must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary. A treating source's opinion, on the issue of the nature and severity of an impairment is entitled to special significance; and, when supported by objective evidence of record, entitled to controlling weight (Social Security Ruling 96-2p). Ultimately, Dr. Bridgeman's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive, and the undersigned thus declines to adopt it.

[Tr. 25-26]. The magistrate judge found that the ALJ recognized the correct standard for assessing a treating physician's opinion and properly gave the opinion no weight, because the ALJ found the opinion to be inconsistent with the medical evidence of record and with the non-medical evidence in the record, that is, plaintiff's reported activities of daily living.

Upon review, the Court disagrees with the magistrate judge and finds that the ALJ gave insufficient reasons to explain his total rejection of the treating source's opinion, which is generally given controlling weight. After determining that a treating source's

6

opinion is not entitled to controlling weight, the ALJ must balance the four factors of the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source. *Cole*, 661 F.3d at 937. While the ALJ generally stated that he found Dr. Bridgeman's opinion inconsistent with the other evidence of record, and briefly mentioned the activities of daily living as inconsistent non-medical evidence, the ALJ's opinion does not indicate what specific parts of the objective medical record contradicted the opinion of Dr. Bridgeman.

Earlier in the opinion the ALJ discusses some of the notes from Dr. Bridgeman's visits with plaintiff, spanning several years [Tr. 21-22]; however, nowhere in the opinion does the ALJ indicate that he considered the length of the treatment relationship in determining what weight to give to the opinion of Dr. Bridgeman. The ALJ does not mention the frequency of the examination, the extent of the treatment relationship, or whether Dr. Bridgeman is specialized in any way. To the contrary, the ALJ's opinion indicates that he in part decided to afford no weight to Dr. Bridgeman's opinion because he believed that Dr. Bridgeman may have been sympathetic with plaintiff's plight, rather than believing she was truly as limited as the doctor's opinions indicate. The ALJ's opinion thus gives the appearance that rather than objectively consider the record as a whole and the treatment relationship of Dr. Bridgeman and plaintiff, he speculated about

7

the lack of legitimacy of Dr. Bridgeman's opinion and allowed that speculation to in part lead him to the conclusion to give the opinion no weight.

Finding that a treating source opinion is not entitled to controlling weight does not automatically mean that it should be entitled to no weight, as was afforded here, and the Court finds that the ALJ failed to give sufficiently specific good reasons for why he decided to give no weight to Dr. Bridgeman's opinion. *See Blakley*, 581 F.3d at 408; *see also Renfro v. Comm'r of Soc. Sec.*, No. 2:12-CV-8, 2013 WL 392471, *12 (E.D. Tenn. Jan. 10, 2013) (recommending remand where ALJ failed to give good reasons when he gave no weight to treating source opinion and stated only that he found the opinion to be inconsistent with the medical evidence of record and that plaintiff had a history of malingering); *Harris v. Comm'r of Soc. Sec.*, No. 5:10 CV 283, 2011 WL 5523669, *6 (N.D. Ohio Nov. 14, 2011) (finding substantial evidence did not support ALJ's decision giving less than controlling weight to opinions of treating sources and noting "although the ALJ did note that these treating source opinions were inconsistent with the other evidence, such as their treatment notes, the ALJ did not clearly articulate, as required, the specific points of any inconsistencies between the treatment notes and the opinions."). Accordingly, the Court finds that the ALJ failed to appropriately and fully apply to the proper legal standards to plaintiff's case, and the Court must decide whether this error demands that the case be remanded.

The Sixth Circuit "has made clear that '[it] do[es] not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating

8

physician's opinion and [the Sixth Circuit ]will continue remanding when [it] encounter[s] opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." *Cole*, 661 F.3d at 939 (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (citation and internal quotation marks omitted)). The Court will not remand the case if the violation is harmless error. A violation of the good reasons rule can be deemed "harmless error" if:

> "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation."

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted).

The Court does not find that any of those exceptions apply here. Upon review of the record, the Court does not find Dr. Bridgeman's opinion to be patently deficient. As the ALJ determined that no weight should be given to Dr. Bridgeman's opinion, the Court does not find that the ALJ adopted the opinion, and he did not make findings consistent with it. Last, the Court finds that the ALJ has not met the goal of § 1527(d)(2), as the ALJ's opinion does not sufficiently explain to plaintiff why the ALJ decided to give no weight at all to plaintiff's treating physician's opinion. Accordingly, this situation, where plaintiff's treating physician has found her to be more severely impaired than the ALJ's findings reflect, and the ALJ has decided to give no weight to that opinion

9

without first sufficiently balancing the required factors, is the type of scenario that the good reasons requirement of the treating physician rule is meant to prevent.[1]

III. **Conclusion**

Plaintiff's objections [Doc. 14] will be **SUSTAINED** to the extent discussed herein and the R&R [Doc. 13] will be **REJECTED**. Accordingly, Plaintiff's Motion for Summary Judgment [Doc. 9] will be **GRANTED**, the Commissioner's Motion for Summary Judgment [Doc. 11] will be **DENIED**, and this case will be **REMANDED** for further proceedings consistent with this opinion.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In light of the Court's decision to remand for improper and incomplete application of the treating physician rule, the Court need not address plaintiff's objection as to the "non-severe" classification of her headaches, depression, and anxiety.